| | | |
|---|---|---|
| Joseph L. Grant, a/k/a Ahmed S., | ) | |
| Plaintiff, | ) | |
| vs. | ) | **26 CV 2598** |
| | ) | |
| Douglas A. Collins, in his official capacity as | ) | Judge: |
| Secretary of the Dept of Veterans Affairs; and | ) | |
| the Department of Veterans Affairs, and Amy | ) | |
| Mauel, in her official capacity as Selecting | ) | |
| Officer, | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff **JOSEPH L. GRANT** (hereinafter **"GRANT"** or "Plaintiff") by and through his attorney Calvita J. Frederick and Associates, and complaining of the Defendants, **Douglas A. Collins, in his official capacity as Secretary of the Department of Veterans Affairs; and the Department of Veterans Affairs** (hereinafter **"COLLINS"** or "Defendant VA", or "Defendants")**, and Amy Mauel** (hereinafter "**Ms. MANUEL**" or "Selecting Official") states as follows:

## INTRODUCTION

1. This is an action for discrimination based on race and age arising from Plaintiff's non-selection on July 29, 2021, for the Assistant Program Manager, Homeless Prevention Programs position (Vacancy Announcement No. ML-11130137-21-AD) at the Clement J. Zablocki VA Medical Center in Milwaukee, Wisconsin.

2. Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, the Age Discrimination in Employment Act, 29 U.S.C. § 633a, and 42 U.S.C. § 1983.

### 3.  THE PARITES

4. PLAINTIFF GRANT is a citizen of the United States, an African American male who, at all relevant times, was over the age of 40 years, employed by the Department of Veterans Affairs, was a resident of the City of Dublin, and the State of Georgia.

5. DEFENDANT COLLINS is the Secretary of the Department of Veterans Affairs and is sued in his official capacity. The Department of Veterans Affairs is a federal agency.

6. DEFENDANT MAUEL is a White female, citizen of the United States and at all times relevant thereto was believed to be a resident of the City of Milwaukee, State of Wisconsin. Ms. Mauel was the Selecting Official who made the non-selection decision on July 29, 2021, to select Ms. Melissa Wiese ("**Ms. Wiese**" or "the "Selectee")) instead of Plaintiff GRANT to the position of Assistant Program Manager, Vacancy Announcement No. ML-11130137-21-AD.

### JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over these claims because they arise under the laws of the United States pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this District under 28 U.S.C. § 1391(e) and 42 U.S.C. § 2000e-5(f)(3) because Plaintiff began his VA employment at the Jesse Brown VA Medical Center in Chicago, Illinois, a substantial part of the events and records material to Plaintiff's claims

are associated with Plaintiff's VA employment history in this District, and Defendants are officers and an agency of the United States, located within this District.

9. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1391(b) and (c) because some or all of the events or omissions giving rise to these claims occurred in the venue.

## ADMINISTRATIVE EXHAUSTION

10. Plaintiff timely filed a formal EEO complaint on or about October 11–12, 2021 alleging race discrimination in his July 29, 2021, non-selection to the Assistant Program Manager position, Vacancy Announcement No. ML-11130137-21-AD. (See Charge of Discrimination attached hereto as Exhibit "A")

11. This action is timely filed within 90 days of Plaintiff's receipt of the December 18, 2025, right-to-sue notice. (See Notice of Right to Sue Letter attached hereto as Exhibit "B")

## FACTUAL ALLEGATIONS

12. At the time of his EEO complaint, Plaintiff was a Homeless Coordinator and Social Work Supervisor (GS-13) with the Department of Veterans Affairs.

13. Plaintiff began VA employment at the Jesse Brown VA Medical Center in Chicago in about October 2001.

14. Plaintiff is African American and over 40 years of age.

15. The Selecting Official for the Assistant Program Manager vacancy was Ms. Mauel, who is white, and most of the interview panelists were white

16. After resume review, Human Resources referred 13 qualified applicants for the Assistant Program Manager position, Vacancy Announcement No. ML-11130137-21-AD.

17. Plaintiff ranked first among the top three candidates, while the eventual selectee, Melissa Wiese (white), ranked third.

18. The three qualified applicants completed three interviews: two panels and one interview by the Division Manager (Dr. Bertrand Berger). The Agency used performance-based interviewing ("PBI") with weighted scoring, and reference checks which accounted for 25% of the total.

19. Plaintiff GRANT was informed and believed that he was the only African American applicant for the position

20. Plaintiff's panel scores were 77% and 85%, and Dr. Berger gave Plaintiff a score of 21. Ms. Wiese's panel scores were 87% and 91%; Dr. Berger gave Ms. Wiese a score of 20.

21. Dr. Berger indicated that he believed that Plaintiff GRANT was the superior candidate for the position of Assistant Program Manager.

22. Dr. Berger was contacted by the Selecting Official regarding other interview scores.

23. The Selecting Official informed Dr. Berger that the ratings by other interviewers scored Plaintiff GRANT lower on the PBI questions than the selectee.

24. Dr. Berger then altered his ranking to agree with the Selecting Official to rank Ms. Wiese higher than Plaintiff GRANT, based on that input.

25. The information given to Dr. Berger about the ratings of the other interviewers was not correct in that some of the other interviewers rated Plaintiff GRANT lower than the selectee, but some of the interviewers rated GRANT the same or higher than the selectee.

26. The Selecting Official conducted reference checks and assigned Plaintiff 78% and Ms. Wiese 100%, based on her subjective interpretation of reference responses.

27. Plaintiff's overall score was recorded as 81% and Ms. Wiese's as 89.5%, and the Selecting Official selected Ms. Wiese for the Assistant Manager Position.

28. The reason given by the selecting Official for selecting Ms. Wiese over Plaintiff GRANT was that the interview panel combined summary score rated the Selectee higher than the Complainant, due to the Selectee having more years of experience working in Homeless Programs, more knowledge of the program operations, and more years of previous experience in management.

29. The reason given for selecting Ms. Wiese over Plaintiff GRANT was a pretext because:

   a. Plaintiff Grant scored higher than the selectee on his resume review which detailed the years of experience working in Homeless Programs, knowledge of the program operations, and years of previous experience in management of the applicants including Plaintiff GRANT and Ms. Wiese;

   b. Six out of ten interviewers scored Plaintiff GRANT the same or higher than the Selectee, including Betrand Berger, (white) Akudo Chioma, (Black) Lisa Brown, (Black) Gayle Williams (white) and Jane Skirven (white).

   c. Two interviewers, Heather Smith (white) and Jennifer Halter (white) scored Plaintiff GRANT extremely low, driving his average score down exponentially.

   d. The stated and customary sequence of panel interviews was not followed such that the final interview to be conducted by Dr, Berger, was held second and the third interview operated to substantiate the decision that had already been made by the Selecting Official;

e. The second doctor who interviewed Plaintiff GRANT, along with Dr. Berger, information and interview scores was never included in the process;

f. Plaintiff possessed nearly twenty years of relevant program supervision, operations, budgeting, and management experience directly responsive to the position's functional statement requirements, as substantiated by his resume.

g. Plaintiff GRANT was currently working in the same or similar position as the Assistant Program Manager at the G 13 level for which he applied and had been working in that position for nearly 5 years; and

h. One of the interviewers commented as relates to Ms. Wiese "Although her answers reflected appropriate knowledge, skills and abilities, several of the examples she cited were from past employment settings (at least 10 years ago) and/or, in my opinion, slightly off target from the sort of examples that would reflect a higher level of knowledge, skills and abilities.

(See Affidavits of interviewers attached hereto as Group Exhibit "C")

30. The Selecting Official. Ms. Wiese, had previously served as Selecting Official in nine selections, eight of which resulted in white selectees, although each of the previous selections included qualified African American applicants.

## CLAIMS FOR RELIEF

### Count I: Race Discrimination (Title VII, 42 U.S.C. § 2000e-16)

31. Plaintiff incorporates paragraphs 1–30.

32. Plaintiff is African American, applied and was qualified for the Assistant Program Manager position.

33. Plaintiff's non-selection on July 29, 2021, for Assistant Program Manager occurred after he was ranked first at resume review and the white selectee had been ranked third, and final selection by Dr. Berger favored the Plaintiff..

34. The selection process relied on subjective scoring and reference interpretations that disproportionately favored the white selectee, including 100% reference scoring for the selectee versus 78% for Plaintiff, despite Plaintiff's references reporting highly positive feedback to him.

35. The Selecting Official calculated the combined scores for the three interviews and conducted references checks for each of the three candidates to determine a final overall score for each of the three candidates

36. Dr. Berger's out-of-sequence interview with the Plaintiff. consultation with the Selecting Official, and alteration of his ranking to align with panel trends against Plaintiff further tainted the selection process.

37. The reason given for selecting Ms. Wiese over the Plaintiff Grant for the Assistant Manager Position was a pretext.

38. The real reason for the Selecting Official selecting Ms. Wiese over the Plaintiff GRANT, was discrimination based upon race.

39. The Selecting Official's history of selecting white candidates—eight of nine selections—supports an inference of racial bias in the challenged decision.

40. Defendants' actions constitute race discrimination in federal employment in violation of 42 U.S.C. § 2000e-16.

41. As a result of Defendant's discriminatory conduct, Plaintiff has been damaged in his career and to his person and has otherwise suffered monetary damages.

## Count II: Age Discrimination (ADEA, 29 U.S.C. § 633a)

42. Plaintiff incorporates paragraphs 1–30.

43. Plaintiff was over 40 at the time of the selection; the selectee was younger than Plaintiff.

44. The Agency's decision was not "free from any discrimination based on age," and age was at least a motivating factor in Plaintiff's non-selection, including through reliance on subjective assessments and alleged "potential" favoring a younger selectee over Plaintiff's superior, longstanding program leadership experience.

45. Defendants' actions constitute age discrimination in federal employment in violation of 29 U.S.C. § 633a.

46. As a result of Defendants' discriminatory conduct, Plaintiff has been damaged in his career and to his person and has otherwise suffered monetary damages.

## COUNT III—VIOLATION OF 42 U.S.C. § 1983

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 inclusive.

48. The Department of Veterans Affairs is a federal agency.

49. The VA and its employees including COLLINS and MAUEL are state actors for purposes of Section 1983.

50. Defendants, acting under color of state law, deprived Plaintiff GRANT of the same privileges as those provided to similarly situated employees outside of his protected class.

51. Defendants' decision to deprive Plaintiff GRANT of the same rights and privileges was based on GRANT'S race and/or age.

52. As a result of Defendants' discriminatory conduct, Plaintiff has been damaged in his career and to his person and has otherwise suffered monetary damages.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and award the following relief:

a)      A declaration that Defendants violated Title VII, the ADEA, and 42 U.S.C. § 1983;

b)      An order directing Defendants to provide Plaintiff with full make-whole relief, including placement into the Assistant Program Manager position or front pay in lieu thereof, with restoration of seniority and benefits;

c)      Back pay with interest and all lost benefits;

d)      Compensatory damages for nonpecuniary losses under Title VII the ADEA, and 42 U.S.C. § 1983, in an amount to be determined at trial;

e)      Reasonable attorneys' fees and costs pursuant to applicable law;

f)      Pre- and post-judgment interest; and

g)      Such other and further relief as the Court deems just and proper.


### JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Date: March 7, 2026

<div style="margin-left:40%">

Respectfully submitted,

JOSEPH GRANT

By      s/ Calvita J. Frederick
        Attorney for Plaintiff

</div>


Calvita J. Frederick & Associates
Post Office Box 802976
Chicago, Illinois 60680-2976
312-421-5544
ARDC # 6184001
cjf@cjfredericklaw.com
Counsel for Plaintiff Joseph L. Grant